## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Olabamidele Olumide Bewaji,

Petitioner,

v.

Jed Falgreen,

Respondent.

Civ. No. 25-4342 (JWB/DTS)

**ORDER ACCEPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE**

Olabamidele Olumide Bewaji, pro se Petitioner.

Thomas R. Ragatz, Esq., Minnesota Attorney General's Office, counsel for Respondent.

On January 7, 2026, Petitioner Olabamidele Olumide Bewaji filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 8; *see also* Doc. No. 9 at 1, n.1.) He alleges that the victim impact statement made by Respondent Jed Falgreen in the underlying state criminal case was prejudicial and should have been excluded. (Doc. No. 8 at 6.)

United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") on January 21, 2026. (Doc. No. 9.) The R&R recommends dismissing the Amended Petition because Petitioner did not exhaust his state court remedies on his sole claim, which the R&R construes as a due process claim. (*Id.* at 2–4.) Petitioner filed an objection to the R&R on February 6, 2026. (Doc. No. 11.)

Objected-to portions of an R&R are reviewed *de novo*, and the recommendations

may be accepted, rejected, or modified, in whole or in part. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). The portions of an R&R to which no specific objection is made are reviewed for clear error. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1018 (D. Minn. 2015) (observing R&R objections that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error.") A clear error is an obvious mistake in applying the law or interpreting the facts. *Warren v. Forney*, Civ. No. 23-70 (JWB/LIB), 2024 WL 5135669, at *1 (D. Minn. Dec. 17, 2024). Because Petitioner is pro se, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551, U.S. 89, 94 (2007).

Petitioner does not raise specific objections to the R&R. Instead, he merely repeats his underlying claims, attempts to introduce new allegations regarding his due process claim, and raises a new constitutional claim related to his privacy rights. (*See* Doc. No. 11 at 2.) Using an objection to an R&R to add factual allegations is procedurally improper. *See McCoy v. Marshall*, Civ. No. 25-3686, 2026 WL 228747, at *1 (D. Minn. Jan. 28, 2026). Regardless, the new details do not address R&R's exhaustion analysis, which is therefore reviewed for clear error.

Careful review of the record reveals no clear error in the Magistrate Judge's analysis or conclusions. A writ of habeas corpus under § 2254 requires the petitioner to have exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A). And Petitioner concedes that he did not raise his due process claim in state court. (Doc. No. 8 at 7.) The findings are supported by both the evidence and law, and the R&R is accepted in its

entirety.

## ORDER

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.    Petitioner Olabamidele Olumide Bewaji's Objections to the January 21, 2026 Report and Recommendation (Doc. No. 11) are **OVERRULED**;

2.    The January 21, 2026 Report and Recommendation (Doc. No. 9) is **ACCEPTED**;

3.    Bewaji's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 8) is **DENIED**;

4.    Bewaji's Applications to Proceed *In Forma Pauperis* (Doc. Nos. 3, 10) are **DENIED** as moot; and

5.    No Certificate of Appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: March 18, 2026                                  *s/ Jerry W. Blackwell*
                                                                     JERRY W. BLACKWELL
                                                                     United States District Judge

3